**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Case No. 24-90531 (CML) |
| *Light S.A. - Em Recuperação Judicial*,[1] | ) |
|  | ) |
| Debtor in a Foreign Proceeding. | ) Chapter 15 |
|  | ) |

**FOREIGN REPRESENTATIVE'S <u>EMERGENCY</u> MOTION FOR ORDER
(I) SCHEDULING RECOGNITION HEARING, AND (II) SPECIFYING
<u>FORM AND MANNER OF SERVICE OF NOTICE</u>**

> **Emergency relief has been requested. Relief is requested not later than October 18, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 18, 2024 at 1:00 p.m. (prevailing Central Time) in Courtroom 401, 515 Rusk, Houston, TX 77002.**
>
> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is "590153". Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "590153". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the virtual hearing. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]  The debtor in this chapter 15 case (the "**Chapter 15 Case**") and the last four digits of the tax number in the jurisdiction in which it pays taxes is Light S.A. - Em Recuperação Judicial (01-75 – Brazil) (the "**Chapter 15 Debtor**").

Antonio Reinaldo Rabelo Filho (the "**Petitioner**" or the "**Foreign Representative**"), the duly-authorized foreign representative of Light S.A. - Em Recuperação Judicial ("**Light**" or the "**Chapter 15 Debtor**") in (i) the judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian Proceeding**") of the Chapter 15 Debtor commenced on May 12, 2023 pursuant to Federal Law No. 11.101 of February 9, 2005 (as modified, the "**Brazilian Bankruptcy Law**"), of the laws of the Federative Republic of Brazil ("**Brazil**"), pending before the 3rd Business Court of Rio de Janeiro (the "**Brazilian Court**"),[2] respectfully submits this motion (the "**Motion**") for entry of an order substantially in the form annexed hereto (the "**Proposed Order**"): (i) scheduling a hearing on the relief sought in (a) the *Petitioner's Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Full Force and Effect to Brazilian RJ Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1145(a), 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [ECF No. 2] (the "**Recognition Motion**")[3] and the form of voluntary petition [ECF No. 1] (the "**Brazilian Proceeding Form of Petition**" and, together with the Recognition Motion, the "**Petition**"); (ii) setting the deadline by which any responses or objections to the Petition must be filed with the Court and received by the Petitioner; (iii) approving the form and manner of service of the Petition; (iv) finding that section 1514(c) of the Bankruptcy Code (as defined herein) is either inapplicable to this Chapter 15 Case or, if applicable, is waived; and (v) granting such other relief as the Court deems just and proper. In support of the relief requested herein, the Petitioner respectfully represents as follows:[4]

---

[2] The case number for the Brazilian Proceeding before the Brazilian RJ Court is 0843430-58.2023.8.19.0001.

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Recognition Motion.

[4] In further support of this Motion, the Petitioner relies upon and incorporates by reference the *Declaration of Luiz Roberto Ayoub Pursuant to 28 U.S.C. § 1746 in Support of the Petitioner's Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Full Force and Effect to Brazilian RJ Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1145(a), 1507(a), 1509(b), 1515, 1517, 1520 and 1521* (the "**Brazilian Counsel Declaration**"), along with the exhibits thereto.

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Foreign Representative confirms his consent to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The predicates for the relief requested herein are section 1514 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**BACKGROUND**

4. On the date hereof, the Petitioner filed a voluntary petition for relief under chapter 15 of the Bankruptcy Code as a necessary predicate to completion of the Chapter 15 Debtor's restructuring under the Brazilian RJ Plan. The Brazilian RJ Plan seeks to (i) restructure approximately $2.19 billion of indebtedness, including over $600 million in bond debt held by Existing Noteholders, (ii) facilitate the issuance of the New NY Securities, and (iii) ensure that the restructuring is binding upon all Existing Noteholders.

5. The factual background relevant to this Motion is set forth in the Recognition Motion, which describes the Chapter 15 Debtor's businesses, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian Proceeding and this Chapter 15 Case.

**RELIEF REQUESTED**

6. By this Motion, the Petitioner seeks entry of the Proposed Order, substantially in the form of annexed hereto: (i) setting a hearing (the "**Recognition Hearing**") on the Recognition Motion; (ii) setting a deadline for responses or objections to the Recognition Motion (the "**Objection Deadline**"); (iii) approving the form and manner of notice of the filing of the Recognition Motion, the Recognition Hearing, and the Objection Deadline (the "**Hearing Notice**") attached as Exhibit 1 to the Proposed Order; and (iv) granting related relief as provided herein.

**BASIS FOR RELIEF**

7. Bankruptcy Rule 2002(q)(1) provides that the parties identified therein and "such other entities as the court may direct" shall receive at least twenty-one (21) days' notice of a hearing on a petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 permit the court to designate the form and manner of such notice (unless the Bankruptcy Rules specify the necessary form and manner). Fed. R. Bankr. P. 2002(m), 9007.

8. The Petitioner proposes to: (i) serve the Hearing Notice, the Recognition Motion, and the Brazilian Counsel Declaration (collectively, the "**Notice Documents**") upon the parties listed in **Exhibit A** hereto (the "**Notice Parties**") by electronic mail, to the extent that the Petitioner has email addresses for such Notice Parties, and otherwise by U.S. mail, first-class postage prepaid (or equivalent service), in accordance with Bankruptcy Rules 2002(k) and (q) and Bankruptcy Local Rules 2002-1 and 9013-1(d); (ii) provide the Notice Documents to the Indenture Trustee with instructions to forward the Notice Documents on behalf of the Petitioner to the Depository Trust Company (the "**DTC**"), in its capacity as the record holder of the Existing Notes and to

4

instruct the DTC to disseminate the same according to the DTC's customary practices; and (iii) publish the Hearing Notice on the Chapter 15 Debtor's website (https://ri.light.com.br/).

9. The Petitioner will complete such notice within two (2) business days of entry of the Proposed Order and submits that such notice constitutes adequate and sufficient notice of this Chapter 15 Case, the relief sought in the Petition, the Objection Deadline, and the time, date, and place of the Recognition Hearing.[5]

10. In addition, if any party files a notice of appearance in this case, the Petitioner proposes to serve the Notice Documents and subsequent notices upon such party or its counsel within three (3) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel). The Petitioner agrees to serve such documents in accordance with this paragraph on all parties (or their counsel) having filed a notice of appearance prior to the date set for the Recognition Hearing.

11. Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(m) and (q) and 9007. The Petitioner respectfully submits that setting the Recognition Hearing Date for at least twenty-one (21) days from the date hereof, and the Objection Deadline for five (5) days prior to the Recognition Hearing Date is appropriate.

12. Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case under the Bankruptcy Code is given to foreign creditors, such notification shall indicate the time period and place for filing proofs of claim as well as whether such filing is necessary for secured creditors. 11 U.S.C. § 1514(c). It is generally accepted that section 1514 of the Bankruptcy Code does not apply in a chapter 15 case. As explained in Collier on Bankruptcy,

---

[5] The Petitioner will serve the Hearing Notice on the Notice Parties once such notice is approved by the Court.

section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." COLLIER ON BANKRUPTCY ¶ 1514.01 (16th ed. rev. 2016) (emphasis added). As such, courts routinely find inapplicable or waive the requirements of section 1514 in chapter 15 cases. *See, e.g.*, *In re Oi S.A.*, No. 23-10193 (JPM) (Bankr. S.D.N.Y. Feb. 13, 2023), ECF No. 21; *In re Americanas S.A.*, No. 23-10092 (MEW) (Bankr. S.D.N.Y. Jan. 27, 2023), ECF No. 18; *In re Olinda Star Ltd (In Provisional Liquidation)*, No. 22-11447 (MG) (Bankr. S.D.N.Y. Nov. 3, 2022), ECF No. 9; *In re U.S.J. - Açúcar e Álcool S.A.*, No. 22-10320 (DSJ) (Bankr. S.D.N.Y. Mar. 18, 2022), ECF No. 9; *In re Universal Enterprises Ltd.*, No. 21-11745 (MG) (Bankr. S.D.N.Y. Oct. 8, 2021), ECF No. 7; *In re Odebrecht Engenharia e Construção S.A.*, No. 20-12741 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020), ECF No. 10. Given that section 1514(c) does not apply with respect to this Chapter 15 Case, the Petitioner respectfully requests that it is inapplicable here or, alternatively, that the Court waive its requirements.

## EMERGENCY CONSIDERATION

13. Pursuant to Bankruptcy Local Rule 9013-1, the Petitioner respectfully requests emergency consideration of this Motion. Bankruptcy Code sections 1517(a) and (c) contemplate that a "petition for recognition of a foreign proceeding shall be decided upon the earliest possible time" following a 21-day notice period, as set forth in Bankruptcy Rule 2002(q). Accordingly, the relief requested in this Motion should be entered on an emergency basis to facilitate timely consideration of the Petition.

## NOTICE

14. Notice of this Motion will be provided to the Notice Parties set forth in the Notice List. The Petitioner respectfully submits that no other or further notice is required.

## **NO PRIOR REQUEST**

15. No previous request for the relief requested herein has been made by the Petitioner to this Court or any other court.

## **CONCLUSION**

16. WHEREFORE, the Petitioner respectfully requests that this Court: (i) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: October 15, 2024
Houston, Texas

/s/ Charles R. Koster
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email:  charles.koster@whitecase.com

John K. Cunningham (*pro hac vice* pending)
Ricardo M. Pasianotto (*pro hac vice* pending)
David Kim (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  jcunningham@whitecase.com
          ricardo.pasianotto@whitecase.com
          david.kim@whitecase.com

Richard S. Kebrdle (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  rkebrdle@whitecase.com

*Attorneys for Antonio Reinaldo Rabelo Filho,*
*as Petitioner and Foreign Representative*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles R. Koster*
Charles R. Koster

**Certificate of Service**

I certify that on October 15, 2024, I caused a copy of the foregoing document to be served via electronic mail, U.S. mail, or first-class postage, as applicable, and by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Koster*
Charles R. Koster