# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re | ) |
| | ) |
| *Light S.A. - Em Recuperação Judicial*,[1] | ) Case No. 24-90531 (CML) |
| | ) |
| Debtor in a Foreign Proceeding. | ) Chapter 15 |
| | ) |

**FOREIGN REPRESENTATIVE'S <u>EMERGENCY</u> MOTION TO MODIFY RESPONSE DEADLINE IN CONNECTION WITH CHANGE TO EXEMPT SECURITIES**

> **Emergency relief has been requested. Relief is requested not later than November 6, 2024 at 4:00 p.m. (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Antonio Reinaldo Rabelo Filho (the "**Petitioner**" or the "**Foreign Representative**"), the duly-authorized foreign representative of Light S.A. - Em Recuperação Judicial ("**Light**" or the "**Chapter 15 Debtor**") in the judicial reorganization (*recuperação judicial* or "**RJ**") proceeding of the Chapter 15 Debtor commenced on May 12, 2023 pursuant to Federal Law No. 11,101 of February 9, 2005, of the laws of the Federative Republic of Brazil, pending before the 3rd Business Court of Rio de Janeiro,[2] submits this motion (the "**Motion**") to modify the response deadline to the *Petitioner's Verified Petition for Recognition of the Brazilian Proceeding and Motion for*

---

[1] The debtor in this chapter 15 case (the "**Chapter 15 Case**") and the last four digits of the tax number in the jurisdiction in which it pays taxes is Light S.A. - Em Recuperação Judicial (01-75 – Brazil) (the "**Chapter 15 Debtor**").

[2] The case number for the Brazilian Proceeding before the Brazilian RJ Court is 0843430-58.2023.8.19.0001.

*Order Granting Full Force and Effect to Brazilian RJ Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1145(a), 1507(a), 1509(b), 1515, 1517, 1520 and 1521* [ECF No. 2] (the "**Recognition Motion**")[3] solely with respect to the changes to the proposed order granting the Recognition Motion provided hereunder in connection with the definition of Exempt Securities and respectfully states as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Foreign Representative confirms his consent to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The predicates for the relief requested herein are section 1514 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## RELIEF REQUESTED

4. On October 15, 2024, the Petitioner filed a voluntary petition for relief under chapter 15 of the Bankruptcy Code as a necessary predicate to completion of the Chapter 15 Debtor's restructuring under the Brazilian RJ Plan. The Brazilian RJ Plan will (i) restructure approximately $2.19 billion of indebtedness, including over $600 million in bond debt held by

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Recognition Motion. The Recognition Motion includes additional factual background relevant to this Motion and is incorporated herein by reference.

Existing Noteholders, (ii) facilitate the issuance of the New NY Securities, and (iii) ensure that the restructuring is binding upon all Existing Noteholders.

5.　　Under the Brazilian RJ Plan, the Chapter 15 Debtor will offer convertible and non-convertible securities governed by either Brazilian law (the "**Brazilian New Securities**") or New York law (the "**NY New Securities**").  The Recognition Motion requests an exemption from the registration requirements of Section 5 of the Securities Act of 1933 and any State or local law within the United States requiring registration for offer or sale of a security or licensing of an issuer of, underwriter of, or broker or dealer in, a security pursuant to section 1145 of the Bankruptcy Code for the "Exempt Securities," defined as only the NY New Securities.  The NY New Securities include certain Level 1 American Depositary Receipts ("**ADRs**") issued by DTC or its nominee, which will receive and hold certain of the Brazilian New Securities on behalf of the owners of the ADRs.  The Chapter 15 Debtor requires an exemption for those Brazilian New Securities as well so that they may be properly deposited and the ADRs are freely tradable in the United States.  In addition, as Existing Noteholders are allowed to choose between Brazilian or NY law-governed securities, the Chapter 15 Debtor requires an exemption for any other Brazilian New Securities to the extent that any Existing Noteholders that are U.S. persons opt to receive Brazilian New Securities as their elected recoveries.  The Petitioner therefore files this Motion to notify all parties in interest about this technical change and to request an extension until November 12, 2024 for any party in interest to object to this change only.[4]

## BASIS FOR RELIEF

6.　　As described in the Recognition Motion, the Chapter 15 Debtor requires an exemption under section 1145 of the Bankruptcy Code for the for NY New Securities.  As certain

---

[4]　The current November 6, 2024 response deadline shall continue to apply to any other responses or objections to the Recognition Motion.

of the Existing Noteholders cannot directly hold Brazilian law governed securities, the Brazilian RJ Plan contemplates issuing a global warrant registered in the name of DTC or its nominee, representing new Brazilian law-governed warrants, entitling the Existing Noteholders to purchase new Brazilian law-governed shares of the Chapter 15 Debtor.  These Existing Noteholders will then receive the ADRs, which will be deposited in the United States with the DTC and tradable in the United States.  In order to deposit the Brazilian New Securities in the United States, such securities must comply with applicable securities registration requirements, subject to exemptions available under the Bankruptcy Code.

7. The proposed addition of the Brazilian New Securities to the definition of Exempt Securities is necessary to implement the Brazilian RJ Plan.  The Chapter 15 Debtor would face significant and unnecessary delays and additional costs if required to comply with applicable securities registration requirements for the Brazilian Law Securities.  The proposed addition of the Brazilian New Securities to the definition of Exempt Securities will not prejudice, harm or otherwise negatively impact any of the parties in interest.  To the contrary, it will facilitate the distribution of plan consideration to creditors.  It does not introduce any additional analysis, as the basis for the exemption with respect to the Brazilian New Securities is exactly the same as the NY New Securities, set forth in the Recognition Motion.  *See* Recognition Mot. ¶¶ 122-27.

8. The Petitioner nevertheless proposes, out of an abundance of caution, to afford all parties in interest additional time to consider the requested modification and its potential impact, with responses due by or before the hearing on the Recognition Motion, currently scheduled for

November 12, 2024. The response deadline with respect to all other relief sought in the Recognition Motion shall remain November 6, 2024 at 4:00 p.m. (prevailing Central time).

## EMERGENCY CONSIDERATION

9. The November 12, 2024 hearing on the Recognition Motion is necessary to facilitate the timely implementation of the Brazilian RJ Plan and distributions to creditors. It is important to preserve that hearing date, and the modification described in this Motion should not have any impact on any party in interet. The proposed extension of the response deadline will give all parties in interest ample time to review the modification and consisder its imapct, without jeopardizing the agreed dates and deadlines relevant to recognition.

## NOTICE

10. Notice of this Motion will be provided to the Notice Parties set forth in the Notice List. The Petitioner respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

11. No previous request for the relief requested herein has been made by the Petitioner to this Court or any other court

## CONCLUSION

12. The Petitioner respectfully requests that this Court: (i) enter an order, substantially in the form of attached hereto, granting the relief requested herein; and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: November 4, 2024
Houston, Texas

                                              */s/ Charles R. Koster*
**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email:  charles.koster@whitecase.com

John K. Cunningham (admitted *pro hac vice*)
Ricardo M. Pasianotto (admitted *pro hac vice*)
David Kim (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  jcunningham@whitecase.com
        ricardo.pasianotto@whitecase.com
        david.kim@whitecase.com

Richard S. Kebrdle (admitted *pro hac vice*)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:  rkebrdle@whitecase.com

*Attorney for Antonio Reinaldo Rabelo Filho, as Petitioner and Foreign Representative*

**Certificate of Accuracy**

  I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles R. Koster*
Charles R. Koster

**Certificate of Service**

  I certify that on November 4, 2024, I caused a copy of the foregoing document to be served via electronic mail, U.S. mail, or first-class postage, as applicable, and by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Koster*
Charles R. Koster
